Argued and submitted April 17, 2003; resubmitted en banc October 2, affirmed
November 13, 2003

In the Matter of
Robert James Jon Smith,
a Minor Child.

STATE ex rel DEPARTMENT OF
HUMAN SERVICES,
*Respondent,*

*v.*

Diana Marie SMITH,
*Appellant.*

J01-0049; A119798

79 P3d 374

Clayton C. Patrick argued the cause and filed the brief for appellant.

Devorah Signer-Hill, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Deits, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Brewer, Schuman, and Ortega, Judges.

PER CURIAM

Schuman, J., dissenting.

## PER CURIAM

Mother appeals the trial court's judgment terminating her parental rights to her child. Our review is *de novo*. ORS 19.415(3). *State ex rel SOSCF v. Mellor*, 181 Or App 468, 474, 47 P3d 319 (2002), *rev den*, 335 Or 217 (2003). We affirm.

On *de novo* review, our task is to determine whether the record contains clear and convincing evidence to support the trial court's conclusion that mother is unfit by reason of conduct or condition that is seriously detrimental to child, that integration of child into mother's home is improbable within a reasonable time due to conduct or conditions not likely to change, and that mother has failed to effect lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected. ORS 419B.504(5). Finally, we must determine whether the record contains clear and convincing evidence that termination of mother's parental rights are in the best interest of child. ORS 419B.500.

The law is well-established. Neither party argues that the trial court misstated the rule of law. Rather, this case requires the application of the law to these facts. A thorough recitation of the underlying facts and the rationale for the termination of parental rights would not benefit the parties, the bar, the bench, or the public.

Affirmed.

**SCHUMAN, J.**, dissenting.

I agree with the majority that this case involves the application of well-settled legal principles to unique facts and that a full written opinion would be of no practical benefit. I dissent because I do not agree that the facts meet the standard necessary to justify termination of mother's parental rights to child.

Landau, J., and Armstrong, J., join in this dissent.